IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BUCKEYE CABLEVISION, INC.,

                       Plaintiff,                    Case No. 3:04 CV 7420

    -vs-

                                                        MEMORANDUM OPINION

JAMES COFFMAN,

                       Defendant.

KATZ, J.

Pending before the Court is Defendant's February 22, 2005, Motion to Vacate Judgement by Default (Doc. No. 9). This case arose under 47 U.S.C. §605(a) and § 553(a)(1), so this Court has federal-question jurisdiction under 28 U.S.C. §1331. In accordance with *Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957), this determination is discretionary with the Court.

### BACKGROUND

On July 15, 2004, Plaintiff filed a complaint alleging that Defendant James Coffman unlawfully intercepted Plaintiff's cable television programming through the use of a "pirate" converter-decoder device. (Doc. No. 1). On August 21, Defendant was served with a copy of the complaint. (Doc. No. 4). On October 7, the time to answer having expired, a Motion for Default was filed (Doc. No. 7). The Default Judgment Order, signed by this Court, was entered on October 8, 2004, granting Plaintiff a sum of $125,888.24. (Doc. No. 7). On February 22, 2005, Defendant filed an answer to the original complaint (Doc. No. 8) as well as a Motion to vacate Default Judgment (Doc. No. 9). Plaintiff filed an

Opposition to the Motion to vacate (Doc. No. 10), and Defendant filed a Reply to Plaintiff's Opposition (Doc. No. 11).

## DISCUSSION

Rule 60(b) is premised on balancing the policy of the law in favoring a hearing on the merits against the desire to achieve finality in litigation. *See* 11 Charles Alan Wright, Arthur Miller & Mary Kane, Federal Practice and Procedure § 2857 (3d ed. 1995). It follows that relief may be granted only for certain specified reasons which are set forth in the Rule. In the case at hand, Defendant's claim of relief is premised on "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1). In reviewing a motion under Rule 60(b) the Court's inquiry is limited to determining whether one of the specified circumstances exists in which Plaintiff is entitled to reopen the merits of its underlying claims. *See Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998). The Court is vested with discretion to make a Rule 60(b) determination. *See Douglass v. Pugh* 287 F.2d 500, 502 (6th Cir. 1961). When evaluating the merits of a Rule 60(b) motion, this Court is reminded that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases. Where default results from an honest mistake 'rather than willful misconduct, carelessness or negligence' there is especial need to apply Rule 60(b) liberally." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (quoting *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir.1981)). In making that discretionary determination, a district court should "apply Rule 60(b) 'equitably and liberally . . . to achieve substantial justice.'" *United Coin Meter*, 705 F.2d at 844-45 (quoting *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980)).

The specific considerations for the Court in determining whether relief is to be afforded on a default judgment under 60(b) include: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992), citing *United Coin Meter*, 705 F.2d at 845.

*A. Culpable Conduct*

Turning to the first prong of the *Waifersong* analysis, "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (internal quotation marks omitted).

There is no evidence that Defendant's conduct was undertaken with an intent to thwart judicial proceedings. The record shows that Defendant is functionally illiterate and depends on his wife, who has a tenth-grade education, to read important papers to him. (Doc. No. 9, Attachment 1: Coffman Aff. at ¶¶ 7-8). She can adequately read newspapers and household bills, but the couple rely on salespeople to explain the contents of sales contracts to them. *Id.* at ¶ 11. Neither Defendant nor his wife have ever been part of a lawsuit before. *Id.* at ¶ 7.

Defendant claims that, in addition to not understanding the substance of the claim against him, he did not understand that an Ohio attorney would be able to help him, since he believed the suit was being brought in New York. *Id.* at ¶ 13. While Plaintiff's counsel dismisses this claim with the accurate observation that the papers were titled "District of Ohio," the Court notes that the answer to the complaint was required to be served on New York attorneys and the complaint itself was completed in

3

New York, with the only address on the complaint and summons both belonging to the New York attorneys. While it would certainly seem obvious to an attorney that the claim was brought in Ohio, and it might seem clear to a more educated individual that professional help can assist in states other than Ohio, it is understandable that an individual in Defendant's circumstances might fail to fully comprehend the document he received. While Defendant's behavior might be characterized as neglectful, neglect does not amount to intentional action taken to thwart judicial proceedings.

Nor has Defendant been shown to have a reckless disregard for the effect of his conduct on judicial proceedings. To the contrary, Defendant's affidavit shows that as soon as he realized the proceedings were taking place in Ohio, he retained an attorney. (Coffman Aff. at ¶ 14). That attorney then attempted to resolve the issue without further judicial intervention, and when that failed, filed the current motion. *Id.* at ¶ 13.

The Court finds that Defendant's failure to respond to the complaint was based on an honest mistake rather than willful misconduct. As such, Defendant has made the initial showing required, demonstrating that the default did not result from his culpable conduct, allowing the analysis to proceed to the other *United Coin* factors. *See Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002).

*B. Meritorious Defense*

The Sixth Circuit has defined a meritorius defense as a "defense good at law." *United Coin Meter*, 705 F.2d at 845. The test is whether "the facts alleged by the [defendant] would constitute a meritorious defense if true." *In re Park Nursing Ctr., Inc.*, 766 F.2d 261, 264 (6th Cir. 1985). "[L]ikelihood of success is not the measure . . . . [r]ather, if *any* defense relied upon states a defense

4

good at law, then a meritorious defense has been advanced . . . . [S]uch a defense is sufficient if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense." *INVST Fin. Group v. Chem-Nuclear Sys.*, 815 F.2d 391, 399 (6th Cir. 1989) (internal quotations and citations omitted).

Plaintiff must prove the Defendant received an intercepted communication, knew that the communication was intercepted, and used the communication for his own benefit. 47 U.S.C.A. §605(a) and §553(a)(1). Defendant, in his affidavit, asserts his innocence as his defense. (Doc. No. 9, Attachment 1: Coffman Aff. at ¶¶ 2,3,5,8,9). Defendant claims that his son is the one who intercepted the television programming, without Defendant's knowledge. (*Id.* at ¶ 4). Finally, Defendant states that he has only viewed programming for which he has paid. Plaintiff also knew that it was Defendant's son who altered Defendant's access to the cable system, and discussed that fact in the brief in opposition. (Doc. No. 10-1, ¶ 11).

If Defendant is able to sucessfully convince the trier of fact either that he was unaware of a intercepted communication or that he did not use the pirated cable television, he will have established a "defense good at law." *Park Nursing Ctr.*, 766 F.2d at 264. To apply the *Park Nursing Center* test, and assume that the facts alleged were true, i.e., that Defendant's son was actually the one who intercepted the signal, Defendant did not know about it, and Defendant did not watch the pirated cable, a meritorious defense would be established. *INVST Fin. Group,* 815 F.2d at 399. Finally, since "[i]n the absence of evidence there is no presumption of intent to disobey the law[,]" *T.R.W. Inc., T.R.W. Mich. Div. v. NLRB*, 393 F.2d 771, 774 (6th Cir. 1968), Defendant has most certainly given a "hint of a

5

suggestion" that he has a complete defense to the allegations against him. As a result, he meets the second requirement, that he allege a meritorious defense.

### C. Prejudice

The third factor in *United Coin* is whether the plaintiff will be prejudiced by vacating the judgment. To establish prejudice, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *INVST Fin. Group*, 815 F.2d at 398 (internal quotations omitted). "Mere delay in satisfying a plaintiff's claim . . . is not sufficient prejudice to require denial of a motion to set aside a default judgment." *United Coin Meter*, 705 F.2d at 845. As a result, there is no need to address Plaintiff's argument on this issue. Plaintiff next argues that Buckeye Cable would be prejudiced by the loss of the significant amount of money and time Plaintiff has invested in beginning to execute upon the judgment. However, as counsel for Defendant points out, Plaintiff brought suit under a fee shifting statute, which states that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C.A. § 605(e)(3)(b)(iii). As a result, if they prevail in their case on the merits, the money that Plaintiff spent on this case can be awarded to it, and no prejudice would result.

Finally, Plaintiff states that it would be prejudiced by "the message sent to Defendants . . . that the law need not be complied with and the time and money expended by Plaintiff in filing and pursuing such matters is valueless." (Doc. 10-1, ¶ 12). However, the Court addressed this argument above, when it considered whether Defendant's behavior was culpable. Since it was not culpable conduct that led to the default in this case, there is no message to be sent. As a result, Defendant's motion is sufficient to pass the third factor of *United Coin*.

*D. Reasonable Time*

The last concern in this case is the Rule 60(b) requirement that the motion for relief from judgment be made within a reasonable time. A reasonable time is determined by the facts of each case. *See Watkins v. Lundell* 169 F.3d 540, 544 (8th Cir. 1999). The default judgement order in this case was issued in October, 2004. According to Defendant's affidavit, he received the first communication with an Ohio firm in the form of a letter dated February 2, 2005. (Doc. No. 9, Attachment 1: Coffman Aff. at ¶ 14). Approximately two weeks later, Plaintiff sought legal advice. Id. at ¶ 16. Less than a week after that, four months after the initial order, the motion to vacate was filed. (Doc. No. 9). When considering the facts of the case as shown on the docket and as sworn to by Defendant, this Court finds that the motion for relief was made within a reasonable time and is appropriate for consideration.

## CONCLUSION

For the reasons stated above, Defendant's Motion to vacate Judgement by Default (Doc. No. 9) is granted.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE